UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * * * *

| | |
|---|---|
| SOUTHERN SERVICE CORPORATION, a Florida Corporation and FULL SERVICE SYSTEMS, a Florida corporation,<br><br>    Plaintiffs,<br><br>vs.<br><br>EXCEL BUILDING SERVICES, INC., d/b/a/ E.B.S., Inc., a Nevada corporation, DOES 1 through DOES 10 and CORPORATIONS 1 through 10, inclusive,<br><br>    Defendants. | 03:05-CV-0297-LRH (RAM)<br><br>ORDER |

Presently before this court is Defendant Excel Building Services, Inc.'s motion for summary judgment (#40[1]). Plaintiffs, Southern Service Corp. and Full Service Systems, have filed an opposition (#47), to which Defendant has replied (#53). This motion preceded the motion to amend complaint (#48) decided and filed concurrently with this order. The two motions are fully independent of each other.

**FACTS AND PROCEDURAL HISTORY**

The original complaint which began this action was filed May 18, 2005. Plaintiffs alleged three causes of action including violation of Nevada's Trade Practices and Consumer Fraud Act, interference with contract and interference with prospective economic advantage.

After limited initial written discovery the parties agreed to settle their claims. As a result, a settlement agreement was reached and placed on the record October 5, 2005. However, before

---

[1] References to (#XX) refer to the court's docket.

1  the agreement could be executed Plaintiffs moved to set aside the agreement on the grounds
2  Defendant withheld material information during the settlement negotiations.
3      Plaintiffs' claims are grounded in the allegation that Defendant engaged in a series of
4  illegal business practices which reduced Defendant's overall costs.  These reduced costs allowed
5  Defendant to underbid Plaintiff on several contracts awarding cleaning services to large hotels.
6  Further, Plaintiffs allege that they lost several contracts they had already been awarded because
7  Defendant's lower prices were to attractive to be overlooked.
8      Defendant contends that no illegal activities have occurred and that its lower prices are
9  simply the result of better business practices.  Each side has presented evidence in the form of
10 affidavits in support of their positions.
11     Defendant has moved for summary judgment as to the three claims in the original
12 complaint.  Defendant contends that the first claim must fail as a matter of law and that the
13 second and third claims must be dismissed because there is no material issue of fact regarding
14 why the contracts were lost.

15                    **LEGAL STANDARD FOR SUMMARY JUDGMENT**
16     A court must grant summary judgment if the pleadings and supporting documents, when
17 viewed in the light most favorable to the non-moving party, "show that there is no genuine issue
18 as to any material fact and that the moving party is entitled to judgment as a matter of law."
19 Fed.R.Civ.P. 56(c).  An issue as to any material fact is only "genuine" if the evidence regarding
20 the disputed fact is "such that a reasonable jury could return a verdict for the nonmoving party."
21 *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  "The mere existence of a scintilla of
22 evidence in support of the plaintiff's position will be insufficient [to preclude summary
23 judgment]; there must be evidence on which the jury could reasonably find for the plaintiff."  *Id.*

24                                    **DISCUSSION**
25     *1.    Count 1*
26     Plaintiffs' first claim for relief is brought pursuant to Nevada Revised Statute (NRS)
27 41.600.  NRS 41.600 provides that "[a]n action may be brought by any person who is a victim of
28 consumer fraud."  Nev. Rev. Stat. § 41.600(1).  The statute then goes on to define consumer

fraud as, *inter alia*, "a deceptive trade practice as defined in NRS 598.0915 to 598.0925, inclusive." *Id.* § 41.600(2)(e). The parties do not dispute that the allegations contained within the complaint contend that Defendant engaged in a deceptive trade practice as defined in NRS 598.0915 to 598.0925 and that such an act would qualify as consumer fraud under NRS 41.600. Rather, the dispute centers upon whether a competitor may bring suit for harm caused to its business without evidence of a larger harm to consumers. This question is one of first impression within Nevada.

To support its argument that such a claim cannot be brought without a greater consumer harm, Defendant cites to *Menasha Corp. v. News America Marketing In-Store, Inc.*, 238 F.Supp.2d 1024 (N.D. Ill. 2003), and *Hall v. Walter*, 969 P.2d 224 (Colo. 1998). These cases dealt with the consumer fraud statutes of Illinois and Colorado and each concluded that an essential element of the state statute was some harm to the consuming public as opposed to a business competitor. The court has reviewed these cases and finds that there is no significant errors in the analysis leading to their results. However, the court is not inclined to follow their lead, as Nevada's statutory scheme compels a different result.

Nevada's statutory scheme contains a provision unique to the analysis of this matter. NRS 598.0953(1) states: "Evidence that a person has engaged in a deceptive trade practice is prima facie evidence of intent to injure competitors and to destroy or substantially lessen competition."  Under this provision, a business shown to be engaged in deceptive trade practices is presumed to intend for those practices to injure its competitors and destroy competition. The court finds this provision compelling based on the language of NRS 41.600.

As noted above, NRS 41.600 grants standing in consumer fraud cases to "any person who is a victim of consumer fraud." It then goes on to define consumer fraud as a deceptive trade practice. However, the statute never specifically defines "victim." Leaving open the question whether a business competitor may be a victim of consumer fraud.[2]

The court concludes that NRS 598.0953(1) answers that question in the affirmative. By

---

[2] There has been no dispute that Plaintiff qualifies as a person under the statute.

1  creating a presumption that deceptive trade practices harm competitors, then making those same
2  deceptive trade practices into acts of consumer fraud, the Nevada legislature impliedly defines
3  competitors harmed by deceptive trade practices as victims of consumer fraud.  While such a
4  result may be generally unusual, it would be even more unusual for a court to ignore the
5  implications of the legislature and read language into a statute, in this instance a standing
6  limitation that only consumers may be victims, that was not included within the statutory
7  scheme.[3]

8        Accordingly, the court concludes that Nevada law allows a competitor to sue under the
9  consumer fraud statutes when that competitor can demonstrate it was directly harmed by the
10 defendant's deceptive trade practices.  Summary judgment is therefore inappropriate on this
11 claim.

12       *2.    Counts 2 and 3*

13       Defendant also moves for summary judgment on the second and third counts brought by
14 Plaintiffs, interference with contract and interference with prospective contractual advantage.
15 The court has reviewed the evidence provided regarding these claims and concludes that there is
16 a material issue of fact over the reason why Plaintiffs lost certain existing contracts and were not
17 awarded prospective contracts.  The court also sees a material issue of fact concerning whether
18 Defendant hired illegal workers and attempted to provide improper paperwork for illegal
19 workers.  While the evidence presented was insufficient to warrant a preliminary injunction, as
20 noted by Defendant in its motion, it is strong enough to create a material issue of fact.  As such,
21 summary judgment is inappropriate on these claims.
22 ///

---

[3] The court is not persuaded by Defendant's argument that NRS 598.0953(1) falls outside the statutes noted as deceptive trade practices in NRS 41.600 and, therefore, cannot be considered by the court.  The statutes listed in NRS 41.600 are the actual deceptive trade practices made illegal by the Nevada legislature.  NRS 598.0953(1) does not define a deceptive practice itself but, rather, gives meaning to the harm caused by those practices.  Thus, the statute aids in understanding the reasons the legislature included such claims within the definition of consumer fraud and should be used to that end.

**CONCLUSION**

It is therefore ORDERED that Defendant's Motion for summary judgment (#40) is DENIED.

DATED this 13th day of August, 2007.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE