DAN C. BOWEN, ESQ. (SBN 1555)
LAURA K. GRANIER, ESQ. (SBN 7357)
LIONEL SAWYER & COLLINS
50 West Liberty Street, Suite 1100
Reno, NV 89501
Telephone:  775 788-8666
Facsimile:  775 788-8682

Attorneys for Plaintiff
Southern Service Corporation

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Southern Service Corporation,
a Florida corporation,

                    Plaintiff,

vs.

Excel Building Services, Inc., d/b/a/
E.B.S., Inc., a Nevada corporation,
Excel Building Maintenance, Inc., a
Nevada corporation, Excel Maintenance,
Inc., a Nevada corporation, Harry Kim,
Young Kim, Han Kim, Han Kim d/b/a
Excel Building Cleaning Company,
DOES 1 through DOES 10 and CORPORATIONS
1 through 10, inclusive,

                    Defendants.       /

03-05 cv-297-LRH (RAM)

FIRST AMENDED COMPLAINT
FOR INJUNCTIVE RELIEF
AND DAMAGES

**JURY DEMAND**

## **FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**

Plaintiff Southern Service Corporation ("SSC"), by and through its attorneys, alleges as follows:

### **PARTIES**

1.     Plaintiff SSC is a corporation organized under the laws of the State of Florida with its principal place of business in Miami, Florida.

2.     Defendant Excel Building Services, Inc. d/b/a E.B.S. ("EBS"), a/k/a Excel of Atlanta, a/k/a Excel Building Cleaning, Inc., a/k/a Excel Building Service of Lake Tahoe, is a

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1100 BANK OF AMERICA PLAZA
50 WEST LIBERTY ST.
RENO,
NEVADA 89501
(775) 788-8666

corporation organized under the laws of the State of Nevada, with its principal place of business in Reno, Nevada.

3.  Defendant Excel Building Maintenance, Inc., ("Excel Building") is a corporation organized under the laws of the State of Nevada, with its principal place of business in Reno, Nevada.

4.  Excel Maintenance, Inc. ("Excel Maintenance") is a corporation organized under the laws of the State of Nevada, with its principal place of business in Reno, Nevada.

5.  Han Kim, d/b/a Excel Building Cleaning Company is, on information and belief, an unorganized business and d/b/a of Han Kim, which is the predecessor of defendant Excel Maintenance, Inc., and which operated out of Reno, Nevada.

6.  Harry Kim is an individual who resides in Washoe County, Nevada.

7.  Young Kim is an individual who resides in Washoe County, Nevada.

8.  Han Kim is an individual who resides in Washoe County, Nevada.

## JURISDICTION AND VENUE

9.    This Court has jurisdiction over this dispute under 28 U.S.C. §1332 because it is a civil action between citizens of different states in which the value of the amount in controversy exceeds seventy-five thousand ($75,000) dollars, exclusive of interest and costs.  Venue is proper in this judicial district because Defendants transact business and each have their principal places of business in this judicial district.

## GENERAL ALLEGATIONS

10.    Plaintiff is ignorant of the true names and capacities of Defendants sued as Does 1 through 10 and CORPORATIONS 1 through 10, inclusive and therefore sue these Defendants by such fictitious names. Plaintiff is informed and believes that each of the fictitiously named Defendants are responsible in some manner for the occurrences alleged and proximately caused

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

2

Plaintiff's damages, and will amend this complaint to allege their true names and capacities when ascertained.

11.    At all material times, the Defendants, and each of them, were the principals, employers, agents, and/or employees of one another and were acting within the purpose and scope of their agency and employment with the authorization and permission of their principal and/or employer. Each Defendant has ratified and approved the acts of its agent and, at all material times, each of the Defendants were responsible in some manner for the acts and conduct alleged in this complaint.

12.  On information and belief defendants Harry Kim, Young Kim and Han Kim are the alter egos of defendants Excel Building Services, Inc., Excel Building Maintenance, Inc. and Excel Maintenance, Inc., respectively and are liable for the debts and obligations of the corporations.

13.    Plaintiff SSC is a full-service cleaning company operating in the hospitality and gaming industries.  Plaintiff SSC is a high quality, cleaning service for luxury hotels, providing full-service cleaning, stewarding, room attendants and housemen.  SSC provides services to hotels in fifteen states, including hotels in Nevada.

14.    Defendants EBS, Excel Building, Excel Maintenance and Han Kim d/b/a Excel Building Cleaning Company, also provide cleaning and building maintenance services to the owners and/or operators of public and/or semi-public facilities, including hotels and casinos located in multiple states and locations throughout the country.  The nature of the services provided by each of the defendants is similar to the nature of the services provided by Plaintiff.

15.    Users of the services that Plaintiff and Defendants provide typically solicit offers from the cleaning service industry through a bid process.  Defendants and Plaintiff have submitted bids for cleaning services and/or maintenance contracts in direct competition with

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

3

each other on more than one occasion. The cleaning contracts in question vary depending on the size of the hotel but generally involve fees in excess of $250,000 per year for each such hotel.

16.    The performance of Plaintiff's service contracts requires multiple workers dedicated to full-time employment at any particular property. Plaintiff employs approximately 2000 individuals. Labor and payroll expenses are among the most significant costs faced by cleaning service companies such as Plaintiff.  Through a combination of superior service and innovative techniques Plaintiff has developed a reputation as a premier provider of hotel cleaning services.

17.    Defendants have reduced their payroll and labor expenses by misrepresenting and/or impermissibly classifying their relationships with certain individuals as "independent contractors", when, in truth, these persons are Defendants' employees, are acting as employees and legally should be deemed employees of Defendants.

18.    On information and belief Defendants enter into a contract for cleaning services with various hotels and represent and agree that they will perform the cleaning services with their employees. Defendants then have another subsidiary or related corporation perform the services in question through the use of so-called "independent contractors".

19.    By treating their, or their subsidiaries, employees as so-called "independent contractors", Defendants avoid many of the costs incurred by Plaintiff, and that would be incurred by Defendants, if these individuals were properly classified as employees rather than independent contractors. By illegally categorizing these employees as "independent contractors", for instance, Defendants avoid paying state and federal payroll taxes, FICA and other withholding taxes, they avoid wage and hour regulations including overtime requirements relating to employees and avoid paying worker's compensation insurance premiums as required by law. Defendants, by illegally categorizing their employees as "independent contractors",

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

4

further reduces their labor and payroll expenses by failing to prepare and maintain employment-related documentation such as Wage and Tax Statements on federal Form W-2 and Employment Eligibility Verification on Form 1-9.

20.    Upon information and belief, Defendants also knowingly employ illegal aliens, and persons otherwise not qualified to work within the United States. Plaintiff is informed and believes that Defendants, or their subsidiary or related corporations, pay certain of their employees with cashier's checks or in cash, in order to avoid detection of the payments by the proper authorities.  Specifically, Plaintiff holds several checks written by Defendants or their managers to their employees and the checks are either personal checks or checks of different named, but nonexistent, alias entities. All such checks fail to show any withholding for income taxes, FICA, mandated employee benefits or any other required withholding.

21.  Plaintiff has been informed and believes that Defendants offer to provide, either directly or through Defendants sources, forged Social Security cards and forged Green Cards so that it appears that Defendants' employees are working in the United States legally, when in fact they are not. Specifically, Plaintiff holds the sworn statement of Joel Bermudez, a former employee of Defendant EBS, stating under oath that Defendant EBS told him of a source that would provide him with a false Social Security card and a false Green Card.

22.    Upon information and belief, Defendants have solicited Plaintiff's employees to work for Defendants indicating to them that no taxes would be withheld from their paychecks thereby allowing them to take home considerable more pay than they would take home if they worked for Plaintiff, who does withhold proper payroll and other withholding.  Plaintiff has lost employees that it has expended time and money on through training to Defendants based on the alleged representations.

23.    Plaintiff has lost hotel jobs that Plaintiff has had for many years to Defendants

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

because Defendants, by employing the "independent contractor" scam, have been able to lower their labor cost by as much as 22%. Such hotels include, but are not limited to, the Hyatt Regency, Albuquerque, New Mexico and the Grand Hyatt, Atlanta, Georgia. Plaintiff has been told by these and other hotels that its contracts were being terminated unless they would meet the much lower price of Defendants.

24.    In addition to those contracts that Plaintiff has had terminated because of the lower cost of Defendants, Plaintiff has lost many bids for new contracts including, but not limited to, the Hyatt Regency, Incline, Nevada, the Hyatt Sacramento, California, the Ritz Carlton, Half Moon Bay, California and the Ritz Carlton, Pasadena, California, Hyatt Tamaya, New Mexico, Westin Hilton Head Island, South Carolina and the Manchester Grand Hyatt, San Diego.  Plaintiff is informed and believes that Defendants' bids were as much as 22% lower than Plaintiff's bid for the same jobs.

## FIRST CLAIM FOR RELIEF
(Violation of Nevada Deceptive Trade Practices Act and
Consumer Fraud-NRS 598.0903 et seq. and NRS 41.600)

25.    Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 24 as though fully set forth herein.

26.    The acts, conduct and omissions of Defendants constitute deceptive trade practices and unfair competition as defined in the Nevada Deceptive Trade Practices Act, NRS 598.0903 et seq. As a victim of consumer fraud Plaintiff is provided a cause of action pursuant to NRS 41.600.

27.    As a result of Defendants' acts, conduct and omissions in violation of the Nevada Trade Practices Act and Consumer Fraud, Plaintiff has been, and will continue to be, irreparably injured unless Defendants are restrained and enjoined by this Court.  Plaintiff has no adequate remedy at law.

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

6

28.    Defendants' Consumer Fraud and Deceptive Trade Practices has required Plaintiff to retain the services of attorneys and Plaintiff is entitled to its reasonable attorneys fees.

29.    Defendants' acts, conduct and omissions as hereinabove described were fraudulent, malicious and oppressive. Defendants' willful, wanton and oppressive acts and omissions were the direct and proximate cause of damages to Plaintiff and Plaintiff is entitled to exemplary and  punitive damages pursuant to NRS 42.005.

30.    Plaintiff has been damaged by the acts, conduct and omissions of Defendants in a sum in excess of $1,500,000.

## SECOND CLAIM FOR RELIEF
(Interference with Contract)

31.    Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 30 as though fully set forth herein.

32.    Defendants knew of the existence of certain contracts between Plaintiff and its hotel customers. On information and belief Defendants intentionally interfered with and caused the disruption of said contractual relationships with Plaintiff's customers by engaging in the wrongful and deceptive trade practices herein referred to.

33.    But for Defendants' wrongful and intentional interference, Plaintiff would have maintained its contractual relationships to its economic advantage and benefit.

34.    As a direct and proximate result of Defendants' interfering conduct, Plaintiff  has suffered and will continue to suffer irreparable injury and loss.

35.    In interfering with Plaintiff's service contracts, Defendants' conduct was willful and was intended to cause injury to Plaintiff. Defendants acted with oppression, fraud and malice utilizing unlawful and deceptive business practices to solicit Plaintiff's customers and to undercut Plaintiff's service contract pricing. Plaintiff is therefore entitled to exemplary and punitive damages pursuant to NRS 42.005.

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

7

36.    As a direct and proximate result of Defendants' intentional interference with Plaintiff's contractual relations Plaintiff has been damaged in excess of $1,500,000.

37.    Defendants have acted with oppression, fraud and malice as defined under NRS 42.001 and Plaintiff is therefore entitled to punitive damages.

38.    Because of Defendants' intentional interference with Plaintiff's contractual relations, Plaintiff has had to retain the services of attorneys and is entitled to an award of its reasonable attorneys' fees.

### THIRD CLAIM FOR RELIEF
(Interference with Prospective Economic Advantage)

39.    Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 37 as though fully set forth herein.

40.    Defendants knew of the existence of the advantageous economic relationship between Plaintiff and its customers.    Plaintiff is informed and believes that Defendants intentionally interfered with and caused the disruption of said relationships with Plaintiff's customers by engaging in the wrongful and deceptive conduct herein alleged.

41.    But for Defendants' wrongful and intentional interference, Plaintiff would have maintained and expanded these valuable customer relationships to its economic advantage and benefit.

42.    As a direct and proximate result of Defendants' interfering conduct, Plaintiff has suffered and will continue to suffer irreparable injury and loss.

43.    Defendants' intentional interference with Plaintiff's service contracts was willful, done with oppression, fraud and malice and caused injury to Plaintiff entitling Plaintiff to exemplary and punitive damages pursuant to NRS 42.005.

44.    Because of Defendants' intentional interference and deceptive trade practices as alleged herein Plaintiff has been damaged in excess of $1,500,000.

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

45.    Defendants have acted with oppression, fraud and malice as defined under NRS 42.001 and Plaintiff is therefore entitled to punitive damages.

46.    Because of Defendants' intentional interference and deceptive trade practices as alleged herein Plaintiff has been required to employ attorneys and Plaintiff is therefore entitled to its reasonable attorneys' fees.

**FOURTH CLAIM FOR RELIEF**
(Violation of the Racketeer Influenced & Corrupt Organizations Act,
18 USC §1961 et seq.;18 USC §1962(c); 18 USC 1964(c))

47.    Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 44 as though fully set forth herein.

48.    18 USC §1964 provides that the district courts of the United States shall have jurisdiction over violations of 18 USC §1962. Subsection (c) of 18 USC §1964 provides that "[a]ny person injured in his business or property by reason of a violation of section 1962 ... may sue therefor in any appropriate United States district court and shall recover threefold the damages he sustains and cost of suit, including a reasonable attorney's fee ...."

49.    Defendants operate in and affect interstate commerce.

50.    By sending through the United States mail false tax returns to the IRS and false documentation to state agencies regarding workmen's compensation, taxes and employee benefits Defendants Harry Kim, EBS, Young Kim and Han Kim have committed mail and/or wire fraud pursuant to 18 USC §1341 and 18 USC §1343.  Mail and wire fraud are defined in 18 USC §1961 as "racketeering activity".

51.    By offering to provide or aid and abet in providing false Social Security cards and Green Cards, Defendants have violated 18 USC §1425, 1426 and 1427, relating to the procurement, reproduction and/or sale of nationalization or citizenship papers. Violations of 18 USC § 1425, 1426 and 1427 are all defined in 18 USC §1961 as "racketeering activity".

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

52.    18 USC §1962(c) provides that it isunlawful to any person employed by or associated with any enterprise engaged in, or in the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity.  On information and belief the enterprises have, since their formation, engaged in racketeering activity in violation of 18 USC §1962(c) by hiring illegal aliens.

53.    Defendants' illegal racketeering activity as set forth herein (i.e. hiring illegal workers) has been the proximate and direct cause of damage to Plaintiff in its property and business in a sum in excess of $1,500,000, in that Plaintiff has lost specific contracts or bids that it would not have other wise lost but for said illegal activity which allowed these enterprises to underbid Plaintiff in a business where price is the main, if not the sole, determining factor in which company acquires the cleaning contract.  Pursuant to 18 USC §1964 (c), any damages awarded to Plaintiff must be trebled.

54.    Plaintiff has been forced to hire an attorney to prosecute its claims and pursuant to 18 USC §1964 (c) is entitled to its reasonable attorneys fees.

**FIFTH CLAIM FOR RELIEF**
(Violation of the Racketeer Influenced & Corrupt Organizations Act,
18 USC §1961 et seq.;18 USC §1962(a); 18 USC 1964(c))

55. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 53 as though fully set forth herein.

56.   18 USC §1964 provides that the district courts of the United States shall have jurisdiction over violations of 18 USC §1962. Subsection (c) of 18 USC §1964 provides that "[a]ny person injured in his business or property by reason of a violation of section 1962 ... may sue therefor in any appropriate United States district court and shall recover threefold the damages he sustains and cost of suit, including a reasonable attorney's fee ...."

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

57. Defendants operate in and affect interstate commerce.

58. By sending through the United States mail false tax returns to the IRS and false documentation to state agencies regarding workmen's compensation, taxes and employee benefits Defendants Harry Kim, EBS, Young Kim and Han Kim have committed mail and/or wire fraud pursuant to 18 USC §1341 and 18 USC §1343. Mail and wire fraud are defined in 18 USC §1961 as "racketeering activity".

59. By offering to provide or aid and abet in providing false Social Security cards and Green Cards, Defendants have violated 18 USC §1425, 1426 and 1427, relating to the procurement, reproduction and/or sale of nationalization or citizenship papers. Violations of 18 USC § 1425, 1426 and 1427 are all defined in 18 USC §1961 as "racketeering activity".

60. 18 USC §1962(a) provides that it is unlawful for any person who has received any income derived, directly or indirectly, from a pattern of racketeering activity to use or invest any part of such income in acquisition of any interest in the establishment or operation of an enterprise which is engaged in or effects interstate commerce. Defendants, through, the mail, wire and other fraud and illegal activity mentioned herein have received income which they have invested in the establishment and operation of cleaning companies (such as EBS, Excel Building and Excel Maintenance) affecting interstate commerce and engaged in further illegal activity. Defendants have received income from these illegal activities, on more than two occasions. By not withholding taxes and remitting them to the United States government Defendants have been able to misappropriate those funds to their own use and have invested those funds in the acquisition, establishment and operation of an enterprise which is engaged in and affects interstate commerce.

61. On information and belief Defendants Harry Kim, EBS, Han Kim and Young Kim have invested these funds in new enterprises such as Excel Building and Excel Maintenance

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

11

and in the continued operation of EBS and that through the investment of the funds saved and misappropriated from the federal government by not paying taxes, and by labor savings by hiring illegal aliens pursuant to agreements that do not comply with federal or state wage, benefit or workmen's compensation laws, have been able to underbid Plaintiff in direct head to head bids for cleaning contracts.  Defendants have invested these illegally received funds on numerous occasions as aforementioned so as to have engaged in a pattern or racketeering activity and a pattern of underbidding Plaintiff.

62.    Defendants' investment of the profits of its illegal racketeering activity as set forth herein has been the proximate and direct cause of damage to Plaintiff in its property and business in a sum in excess of $1,500,000, in that Plaintiff has lost specific contracts or bids that it would not have other wise lost but for said investment which allowed these enterprises to underbid Plaintiff in a business where price is the main, if not the sole, determining factor in which company acquires the cleaning contract.  On information and belief the enterprises have also, since their formation, committed wire and mail fraud by also filing false tax returns and employing illegal aliens since receipt of the funds received from the racketeering activity of Defendants Harry Kim, EBS, Han Kim and Young Kim as described above.  Pursuant to 18 USC §1964 (c), any damages awarded to Plaintiff must be trebled.

63.    Plaintiff has been forced to hire an attorney to prosecute its claims and pursuant to 18 USC §1964 (c) is entitled to its reasonable attorneys fees.

**SIXTH CLAIM FOR RELIEF**
(Violation of Nevada's Anti Racketeering Statutes, NRS 207.350 et seq.)

64.  Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 62 as though fully set forth herein.

65.    By failing to declare, withhold and pay federal income taxes on its employees and by the other actions described herein Defendants have committed the following crimes related to

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

racketeering (NRS 207.360): 1) embezzlement of money or property valued at $250 or more; 2) obtaining possession of money or property valued at $250 or more by means of false pretenses; 3) taking property of another under circumstances not amounting to robbery.

66.    Defendants, with criminal intent, have received proceeds from racketeering activity and have invested those proceeds in an interest in or the establishment or operation of an enterprise (NRS 207.400(1)(a)(1)).

67.    Defendants have, with criminal intent and through racketeering activity, as described herein and prohibited by NRS 207.350 et seq., acquired or maintained, directly or indirectly, an interest in or control of an enterprise.

68.    Defendants actions of acquiring and controlling enterprises through racketeering activity and investing said illegal funds in further enterprises has proximately damaged Plaintiff in a sum in excess of $1,500,000 which sum, according to NRS 207.470, must be trebled.

69.  Plaintiff has been required to engage the services of attorneys to prosecute this action and pursuant to NRS 207.470 is entitled to its reasonable attorney's fees.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

WHEREFORE, Plaintiff SSC prays that the Court enter an Order and Judgment as follows:

1.    For a preliminary and permanent injunction:

a)    Enjoining Defendants Excel Building Service, Inc., Excel Building Maintenance, Inc., Han Kim, Harry Kim, Young Kim, and any of their officers, directors, owners, employees, agents, or related corporations, from engaging in unlawful and deceptive trade practices, including failing to withhold taxes, failure to comply with Federal and/or State labor and payroll laws and regulations and knowingly by hiring illegal aliens for the purpose of

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

13

1    unfairly competing, directly or indirectly, with Plaintiff;

2         b)    Enjoining Defendant Excel, and any of its officers, directors, owners,

3    employees, agents, or related corporations, from soliciting any business from any customer or

4    prospective customer of Plaintiff by use of unlawful and deceptive trade practices;

5

6         c)    Enjoining Defendants, and any of its officers, directors, owners,

7    employees, agents, or related corporations from soliciting and/or hiring any of Plaintiff's

8    employees by offering to pay them in cash or cashier check as an independent contractor on the

9    pretense that because there is no withholding they will take home more money;

10        d)    Enjoining Defendants from classifying any of their employees as

11   independent contractors;

12        e)    Enjoining Defendants from giving any false or misleading information to

13   any of Plaintiff's customers or prospective customers;

14

15   2.    For compensatory damages in an amount in excess of $1,500,000, trebled,

16   according to proof;

17   3.    For punitive damages in an amount according to proof;

18   4.    For reasonable attorneys fees;

19   5.    For costs of suit incurred; and

20

21   6.    For such other relief as the Court may deem proper.

22   DATED: September 25, 2007.

                                    LIONEL SAWYER & COLLINS

23

                              By:    /s/
24                                   DAN C. BOWEN (SBN 1555)
                                     LAURA K. GRANIER (SBN 7357)
25                                   50 West Liberty Street, #1100
                                     Reno, NV 89501
26                                   Telephone: 775 788-8666
                                     Facsimile:  775 788-8682

27
                                     Attorneys for Plaintiff
28                                   Southern Service Corporation

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

14

1

2                             <u>**CERTIFICATE OF SERVICE**</u>

3              Pursuant to F.R.C.P. 5(b), I certify that I am an employee of Lionel Sawyer & Collins

4    and not a party to, nor interested in, the within action; that on the 25th day of September, 2007, a

5    true and correct copy of the **CERTIFICATE AS TO INTERESTED PARTIES AS**

6
     **REQUIRED BY LR 10-6** was transmitted electronically through the Court's e-filing electronic
7
     notice system*, to the following:
8

9                          Barry L. Breslow, Esq.
                           Robison, Belaustegui, Sharp & Low
10                         71 Washington Street
                           Reno, NV 89503
11

12      __X__   Via First Class Mail, with postage pre-paid and deposited for mailing in Reno, Nevada

13      _____   Via Hand Delivery

14      _____   Via Facsimile

15      _____   Via Facsimile and U.S. Mail with postage pre-paid and deposited for mailing in Reno,
                     Nevada
16
        _____   Via Facsimile and Hand Delivery
17

18                                       _____/s/_____
19                                       Molly Stone

20

21   *If electronic notice is not indicated through the court's e-filing system, a true and correct paper
     copy of the foregoing document was delivered as indicated above.
22

23

24

25

26

27

28

LIONEL SAWYER
& COLLINS
ATTORNEYS AT LAW
1700 BANK OF AMERICA PLAZA
300 SOUTH FOURTH ST.
LAS VEGAS,
NEVADA 89101
(702) 383-8888

15